IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHRISTOPHER WILLIAM REED,** : | |
| : | |
| Petitioner, : | CIVIL NO. 3:CV-05-2154 |
| : | |
| v. : | (Judge Caputo) |
| : | |
| **PENNSYLVANIA ATTORNEY** : | |
| **GENERAL,** *et al.,* : | |
| : | |
| Respondents. : | |

# M E M O R A N D U M

**I.    Introduction.**

Petitioner, Christopher William Reed, an inmate at the Rockview State Correctional Institution in Bellefonte, Pennsylvania, commenced this action with a petition for writ of habeas corpus (Doc. 1) filed pursuant to 28 U.S.C. § 2254.  In accordance with *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999), and *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000), an Order was issued advising the Petitioner that: (1) he could have the document ruled on as filed, or (2) withdraw his petition and file one, all-inclusive § 2254 petition. Petitioner responded by submitting a Notice of Election in which he opted to have his petition considered as filed.  A show cause order was issued, a response was filed, and Petitioner did not file a traverse.  The petition is presently ripe for disposition, and for the reasons that follow, the petition will be denied.

**II.    Background.**

Petitioner pled guilty to second degree murder in the Cumberland County, Pennsylvania, Court of Common Pleas.  (Doc. 1 at 2.)  As a result of his plea, Petitioner was sentenced to life imprisonment on January 9, 2004.  (*Id.*)  Although no direct appeal

was filed, Petitioner filed a petition for relief under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. C. S. A. § 9541 *et seq.* (*Id.* at 3.) After a hearing, the petition was denied on August 5, 2004. (*Id.*) The instant petition followed. Petitioner claims that his guilty plea is void because Petitioner was not indicted pursuant to a grand jury proceeding, thereby depriving the trial court of jurisdiction. Respondents claim that Petitioner was not entitled to a grand jury proceeding, and his claims are meritless. For the reasons that follow, the petition will be denied.

## III. Discussion

### A. Scope of Habeas Review.

The Antiterrorism and Effective Death Penalty Act, enacted on April 24, 1996, revised the standard of review for cases challenging state convictions pursuant to 28 U.S.C. § 2254. *Dickerson v. Vaughn*, 90 F.3d 87, 89 (3d Cir. 1996) *citing* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, Title I, sec. 104, 110 Stat. 1214 (1996) ("AEDPA"). Section 2254(d), as amended, states as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

In regard to the "contrary to" provision contained in Section (d)(1), the Third Circuit

2

Court of Appeals has stated:

> [T]he inquiry must be whether the Supreme Court has established a rule that determines the outcome of the petition. Accordingly, we adopt *O'Brien's* holding that 'to obtain relief at this stage, a habeas petitioner must show that Supreme Court precedent requires an outcome contrary to that reached by the relevant state court.' In other words, it is not sufficient for the petitioner to show merely that his interpretation of Supreme Court precedent is more plausible than the state court's; rather, the petitioner must demonstrate that Supreme Court precedent requires the contrary outcome.

*Matteo v. Superintendent, SCI Albion*, 171 F.3d 877, 888 (3d Cir. 1999) referencing *O'Brien v. Dubois*, 145 F.3d 16, 24-25 (1st Cir. 1998). To determine whether the state court judgment involved an "unreasonable application" of clearly established federal law, this Court must determine:

> "whether the state court's application of Supreme Court precedent was objectively unreasonable. The federal habeas court should not grant the petition unless the state court decision, evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent . . . . The primary significance of the phrase 'as determined by the Supreme Court of the United States' is that federal courts may not grant habeas corpus relief based on the state court's failure to adhere to the precedent of a lower federal court on an issue that the Supreme Court has not addressed. Thus in certain cases it may be appropriate to consider the decisions of inferior federal courts as helpful amplifications of Supreme Court precedent."

*Matteo*, 171 F.3d at 889-890.

Further, the Court notes that under the AEDPA, factual determinations made by the state courts are presumed correct, and it is the Petitioner's burden to rebut the presumption with clear and convincing evidence. 28 U.S.C. § 2254 (e)(1). "[T]he factual conclusions which the federal habeas courts [are] bound to respect in assessing respondent's

3

constitutional claims [are] . . . the finding[s] of the trial court . . . and the inferences fairly deducible from those facts." *Marshall v. Lonberger*, 459 U.S. 422, 435 (1983). Following this precedent, the Third Circuit Court of Appeals has held that the same presumption of correctness provided to express findings of the state court must also be provided to the state court's implicit factual findings. *See Campbell v. Vaughn*, 209 F.3d 280, 285-86 (3d Cir. 2000).

Petitioner claims that his guilty plea is void because Petitioner was not indicted pursuant to a grand jury proceeding, thereby depriving the trial court of jurisdiction. However, Petitioner has failed to produce evidence that the state court decision of his PCRA was (1) contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or (2) the decision was based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). To the contrary, Respondents properly note that Petitioner was not entitled to request and receive a grand jury review under Pennsylvania law. 42 Pa.C.S.A. § 4543(b) and (c); *Commonwealth v. Appel*, 652 A.2d 341, 342 (Pa.Super. 1994). Moreover, Petitioner does not cite authority, and the Court is not aware of any, that would support his bald assertion that the trial court lacked jurisdiction to accept his guilty plea. Accordingly, Petitioner has not met his burden for a successful habeas petition, and the petition will be denied. An appropriate Order follows.

Dated: April 17, 2006                         A. Richard Caputo
                                                          A. RICHARD CAPUTO
                                                          United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHRISTOPHER WILLIAM REED,** | : | |
| | : | |
| **Petitioner,** | : | **CIVIL NO. 3:CV-05-2154** |
| | : | |
| v. | : | **(Judge Caputo)** |
| | : | |
| **PENNSYLVANIA ATTORNEY GENERAL,** *et al.,* | : | |
| | : | |
| **Respondents.** | : | |

## O R D E R

**AND NOW, THIS 17th DAY OF APRIL, 2006**, in accordance with the foregoing memorandum, **IT IS HEREBY ORDERED THAT**:

1. The petition for writ of habeas corpus (Doc. 1) is **DENIED.**

2. The Clerk of Court is directed to **CLOSE** this case.

3. There exists no basis for the issuance of a Certificate of Appealability.

      /s/ A. Richard Caputo
      A. RICHARD CAPUTO
      United States District Judge